**No. 49223.**—Protest 961673–G of Great Lakes Foundry Sand Co. (Rochester).

Opinion by KEEFE, J.   At the trial the Government moved to dismiss the case, contending that the owner's declarations on customs Form 3347 were not filed with any of the entries and that in two of the entries (1130 and 1140) the actual owner of the merchandise was not on the declaration of the nominal consignee, and that in entry 1253 the owner listed in the declaration of the nominal consignee was the American Nepheline Corporation, rather than the plaintiff.   The Government further maintains that statements upon the invoice that the plaintiff purchased or agreed to purchase merchandise do not establish that the plaintiff is the owner at the time of importation, and that it may reasonably be inferred that the plaintiff transferred its interest to someone else prior to importation. Counsel for plaintiff admitted that the Government's position was well taken as to entry 1253 but pointed out that the consular invoices filed with entries 1130 and 1140 state specifically that the merchandise was "purchased or agreed to be purchased by the Great Lakes Foundry Sand Co., of Detroit, Mich.," and that an importer or owner of merchandise is entitled to file a protest against assessment of duty on his own importation even though entry was made by his broker without disclosing the name of the importer.   The entry papers disclosed that the Great Lakes Foundry Sand Co. was the purchaser of the merchandise except as to entry 1253, in which the entry disclosed that the importer was the American Nepheline Corporation.   There was nothing before the court to establish that the plaintiff herein was "the importer, consignee, or agent of the person paying such charge or exaction" as far as entry 1253 is concerned.   The Government's motion to dismiss was therefore granted as to entry 1253, but denied in all other respects.   Inasmuch as this court held in C. D. 685, *supra*, that the merchandise covered by the protests and entries therein was entitled to free entry under the provisions of paragraph 1775 the court again, on rehearing, held it free of duty under said paragraph, except as to the merchandise covered by entry 1253.   Abstract 40428 (old series) cited as to sufficiency of protest.

**No. 49224.**—Protests 978409–G, etc., of E. W. J. Hearty, Inc. (New York).

Opinion by KEEFE, J.   At the trial it was stipulated between counsel that the issue is the same as that involved in *United States* v. *E. W. J. Hearty, Inc.* (31 C. C. P. A. 106, C. A. D. 257), the record in which case was incorporated herein. Certain of the items were therefore held dutiable upon the weight of the meat alone, as set forth in schedule attached to decision herein.   The collector was directed to make refund of duties accordingly.